## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COREY BERTAUT, SR., AND CHARLOTTE BERTAUT, individually and on behalf of their minor child, COLE BERTAUT, AND COREY BERTAUT, JR.** | * * * * * * | **CIVIL ACTION NO: 3:22-cv-00712** |
| | * * | **HONORABLE BRIAN A. JACKSON** |
| **VERSUS** | * * | |
| **AMERICAN INTER-FIDELITY EXCHANGE, MARKA TRANSPORT, INC., AND ROGER GRAVES** | * * * | **MAGISTRATE ERIN WILDER-DOOMES** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AMENDED NOTICE OF REMOVAL

Defendants, American Inter-Fidelity Exchange and Marka Transport, Inc., appearing through undersigned counsel, file this Amended Notice of Removal at the request of this Honorable Court. American Inter-Fidelity Exchange and Marka Transport, Inc. pursuant to 28 U.S.C. §1332 and §1441, and hereby removes this matter from the 19TH Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I.  PROCEDURAL HISTORY**

**1.**

Plaintiffs filed this lawsuit in the 19TH Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on August 17, 2022. The case was captioned "*Corey Bertaut, Sr., and Charlotte Bertaut, individually and on behalf of their minor child, Cole Bertaut, and Corey Bertaut, Jr.*," docket No. C-721176, Division 32. (Exhibit A).

**2.**

Plaintiffs brings this lawsuit against Defendants, American Inter-Fidelity Exchange, Marka Trnasport, Inc., and Roger Graves, for injuries and general and special damages resulting from an automobile accident that occurred on August 31, 2021. (Exhibit A).

**3.**

Defendants remove this action from the 19TH Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq*.

**II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332, THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, AND COMPLETE DIVERSITY EXISTS**

**1.**

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

**2.**

The Fifth Circuit has explained that for the purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by settling forth the facts in controversy — preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995)). Plaintiff's petition and the facts set forth in this

removal notice establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

**3.**

As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Id*.

**4.**

The Petition for Damages does not state whether the amount in dispute exceeds $75,000. (Exhibit A).

**5.**

Plaintiffs are claiming to have suffered past, present, and future damages for: physical and mental pain, suffering, and anguish; physical disability and/or impairment of functions and activities; loss of income and/or loss of earning capacity; loss of enjoyment of life; property damage, rental expenses, loss of use, diminished value; and other damages, which may be more fully shown at the trial of this matter. (Exhibit A).

**6.**

Plaintiffs also make a negligence claim and vicarious liability claim against Mr. Graves' employer, Marka Transport, Inc., for failure to properly hire, train, and supervise, in addition to his claims against the defendants for damages. (Exhibit A).

**7.**

Defendant, Marka Transport, Inc.'s, policy of insurance provides liability coverage in the amount of $1,000,000 per accident in coverage limits.

**8.**

Plaintiffs' counsel has previously inquired about the available coverage limits, including whether an umbrella or excess policy was in effect at the time of the subject accident. When undersigned counsel informed plaintiffs' counsel that there was no umbrella or excess policy, plaintiffs' counsel indicated he had concerns about whether the $1 million policy issued by AIFE would be sufficient. (Exhibit B).

**9.**

It is clear from the Petition for Damages and available coverage that the amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS.

**10.**

Defendant AIFE is a corporation organized under the laws of Indiana with its principal place of business in Indiana. AIFE's principal place of business is 9223 Broadway, Suite A, Merrillville, Indiana 46410.

**11.**

Marka Transport, Inc. is a corporation organized under the laws of Illinois with its principal place of business in Illinois. Marka's principal place of business is 52 Eisenhower Lane, Lombard, Illinois, 60148.

**12.**

Defendant, Roger Graves, is a citizen of and domiciled in the State of Texas.

4

**13.**

Plaintiffs are citizens of and domiciled in the State of Louisiana.

**14.**

There is complete diversity of citizenship between the plaintiffs and the defendants.

**15.**

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

**III.  DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

**1.**

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and citizens or subjects of a foreign state.

**2.**

The 19TH Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(b). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

**3.**

No previous application has been made by defendants, AIFE and Marka, for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by defendants to date are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Counsel Christopher W. Deagano by e-mail and filed with the Clerk for the 19th Judicial District Court in the state court record. No other process, pleadings, or orders have been served upon defendants.

**IV.   CONCLUSION**

**1.**

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which defendants, AIFE and Marka, have complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

**2.**

Defendants, AIFE and Marka, reserve the right to supplement or amend this Notice of Removal.

**3.**

Defendants, AIFE and Marka, reserve all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become available, including, but not limited to those available to defendant, AIFE and Marka.

**4.**

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE,** Defendants, American Inter-Fidelity Exchange and Marka Transport, Inc., pray that the above numbered and entitled cause of action on the docket of the 19TH Judicial

District Court, State of Louisiana, be removed from said court to the docket of the United States District Court for the Middle District of Louisiana, and for all other general and equitable relief.

                Respectfully submitted,

                */s/ James R. Nieset, Jr.*
                **JAMES R. NIESET, JR. (24856)**
                **SARA A. LAROSA (37765)**
                Porteous, Hainkel & Johnson
                704 Carondelet Street
                New Orleans, LA  70130-3774
                Telephone: (504) 581-3838
                Email: jnieset@phjlaw.com
                **Counsel for Defendant American Inter-Fidelity Exchange and Marka Transport, Inc.**

## CERTIFICATE OF SERVICE

    **I DO HEREBY CERTIFY** that on October 25, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Corey and Charlotte Bertaut**
Christopher W. Deagano (35101)
Spencer H. Calahan (27192)
827 St. Louis Strret
Baton Rouge, Louisiana 70802
Email: chris@calahanlaw.com
Tel. 225 387 2323

                */s/ James R. Nieset, Jr.*
                JAMES R. NIESET, JR.
                SARA A. LAROSA