UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COREY BERTAUT, SR., ET AL.                             CIVIL ACTION

VERSUS

AMERICAN INTER-FIDELITY                    NO. 22-00712-BAJ-EWD
EXCHANGE, ET AL.                                 C/W 22-00713-BAJ-EWD

RULING AND ORDER

This is a car collision case. Before the Court is Plaintiffs Corey Bertaut, Sr. and Charlotte Bertaut's ("the Bertaut Plaintiffs") **Motion *In Limine* (Doc. 60)**. Defendants oppose the Motion. (Doc. 65).

Also before the Court is Defendants American Inter-Fidelity Exchange, Marka Transport, Inc., and Roger Graves' ("Defendants") **Motion *In Limine* Seeking Exclusion Of Plaintiff's Surgery Recommendation (Doc. 58)**. Plaintiff Hope Nelson ("Plaintiff Nelson") opposes Defendants' Motion. (Doc. 61). The Bertaut Plaintiffs do not oppose Defendants' Motion.

For the reasons below, the Bertaut Plaintiffs' Motion will be granted in part and denied in part, and Defendants' Motion will be denied.

I. BACKGROUND

This case arises out of a three-vehicle collision. Defendant Graves rear-ended the Bertaut Plaintiffs, who in turn, collided with Plaintiff Nelson. (Doc. 1; *see also* Docket 22-00713-BAJ-EWD at Doc. 1). The Bertaut Plaintiffs and Nelson initially filed separate lawsuits against Defendants, alleging similar personal injury and

1

property damage claims. (*Id.*). The Court consolidated the two cases in this action. (Doc. 46; Docket 22-00713-BAJ-EWD at Doc. 28). The Bertaut Plaintiffs and Defendants now seek to exclude certain evidence at trial.

## II.   LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Auenson*, 1996 WL 457258, at *1.

III. DISCUSSION

### A. The Bertaut Plaintiffs' Motion in Limine

The Bertaut Plaintiffs seek to exclude the following evidence:

(1) Payments by collateral sources;

(2) The Bertaut Plaintiffs' arrests or convictions;

(3) When the Bertaut Plaintiffs retained their attorneys and the fact that their attorneys advertise;

(4) Plaintiff Charlotte Bertaut's prior insurance claims and lawsuits;

(5) An adverse inference regarding uncalled witnesses, including the Bertaut Plaintiffs' treating physicians;

(6) Financial harm resulting from an adverse verdict against Defendants, including increased insurance rates; and

(7) The fact that the Bertaut Plaintiffs filed a Motion *in Limine*.

(Doc. 60 at 1–2). The Court will address each request in turn.

### 1. Evidence Of Payment By Collateral Sources

First, the Bertaut Plaintiffs seek to exclude "any evidence of payments by collateral sources" such as "medical insurance, worker's compensation, [or payments from] Plaintiffs' counsel" because this evidence is irrelevant and prejudicial. (Doc. 60-1 at 1–4). Defendants oppose the Bertaut Plaintiffs' request "to the extent any of the plaintiff's medical bills were discounted, negotiated, written off, paid by a workers compensation carrier or Medicaid, or otherwise do not fall under the collateral source rule . . ." (Doc. 65 at 2). Defendants further assert that because the

3

Bertauts have "not identified any specific charge or bill that deserves exclusion because of the collateral source rule," the Court cannot currently rule on the Motion without the context of trial evidence. (*Id.*).

"Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be diminished, because of the benefits received by the plaintiff from sources independent of the tortfeasor's procuration or contribution." *Griffin v. La. Sheriff's Auto Ass'n*, 1999-2944 (La. App. 1 Cir. 6/22/01); 802 So. 2d 691, 713. The focus of the collateral source rule is that tortfeasors should not benefit from the plaintiff's prudence in acquiring insurance. *Id.* at 714–15.

Although collateral source evidence may come into play in this case, the Bertauts have not identified specific evidence that should be excluded. Accordingly, the Court **DENIES** the Bertaut Plaintiffs' blanket request for exclusion without prejudice to the right to reassert their argument during trial.

### 2. Plaintiffs' Arrests or Convictions

Second, the Bertaut Plaintiffs seek to broadly exclude Defendants from disclosing the Bertauts' arrests or convictions to the jury, without identifying specific arrests or convictions. (Doc. 60-1 at 4). The Bertauts note that any arrests or convictions occurred more than ten years ago. (*Id.*). The Bertauts argue that "any perceived probative value is grossly outweighed by the prejudicial effect of the evidence." (*Id.*).

In response, Defendants argue that the Bertauts' request is vague and overbroad. (Doc. 65 at 1–2). Defendants note that Corey Bertaut, Sr. "was convicted

4

for felony obscenity in Tangipahoa Parish in 2013." (*Id.* at 4).

The Court agrees that the Bertauts' request is vague and overbroad. The Bertaut Plaintiffs "fail[] to identify specific charges or criminal conduct [they] wish[] to have excluded. 'Because this Court cannot determine the nature of [the] prior conviction[s], the Court cannot rule on the admissibility or inadmissibility of any prior conviction.'" *Thibodeaux v. T-H Marine Supplies*, No. 21-cv-00443, 2023 WL 3562975, at *4 (M.D. La. May 19, 2023) (quoting *Jackson v. Barrere*, No. 13-cv-00124, 2014 WL 1118124, at *2 (M.D. La. Mar. 20, 2014)). Although Defendants identify Corey Bertaut, Sr.'s felony obscenity conviction, "it is virtually impossible for this Court to consider . . . [the Bertaut Plaintiffs'] arguments when they are divorced from a specific exhibit or from specific testimony" identified by the Bertaut Plaintiffs. *Tillman v. Walmart, Inc.*, No. 19-cv-12161, 2021 WL 1812881 (E.D. La. Mar. 22, 2021). Accordingly, the Court **DENIES** the Bertaut Plaintiffs' request without prejudice to the right to reassert their argument during trial.

### 3. The Timing of Plaintiffs' Retention of Their Attorneys And The Fact That Plaintiffs' Attorneys Advertise

Third, the Bertaut Plaintiffs seek to exclude the timing of their attorney retention and the fact that their attorneys advertise. (Doc. 60-1 at 4). The Bertauts argue that that "[u]tilizing anti-lawyer sentiment is highly prejudicial." (*Id.*).

Defendants respond that they do not plan to raise this issue at trial but reserve the right to introduce such evidence if raised by the Bertauts or if it becomes relevant. (Doc. 65 at 5).

While "'anti-lawyer' and 'anti-lawsuit' evidence is clearly irrelevant and

5

inadmissible[,]" *Feagins v. Wal-Mart Stores.*, No. 16-cv-00181, 2017 WL 8944098, at *2 (M.D. La. Sep. 20, 2017), the timing of the Bertauts' retention of counsel as it relates to the Bertauts' seeking medical treatment may, in fact, be relevant. To the extent that the Bertauts' Motion seeks to exclude any such evidence other than truly "anti-lawyer" or "anti-lawsuit" evidence, the Motion is **DENIED**. However, to the extent that the Bertauts' Motion seeks to exclude "anti-lawyer" or "anti-lawsuit" evidence, the Motion is **GRANTED**.

### 4. Evidence Of Prior Insurance Claims Or Lawsuits

Fourth, the Bertaut Plaintiffs seek to exclude evidence of Charlotte Bertaut's prior insurance claims or lawsuits regarding car accidents. The Bertauts contend that such claims or lawsuits offer no probative value unless Defendants allege fraud. (Doc. 60-1 at 5). The Bertauts clarify that they only seek to exclude evidence of prior insurance claims or lawsuits and not the existence of the underlying vehicle accidents or medical attention received in response to those accidents. (*Id.*).

Defendants respond that evidence of Charlotte Bertaut's prior claims may relate to preexisting injuries, which may be relevant to medical causation and damages. (Doc. 65 at 6–7).

The Court will not—at the outset—exclude evidence that relates to Charlotte Bertaut's prior claims, as such evidence may, in fact, be relevant to causation or damages in the instant matter. As such, the Bertaut Plaintiffs' request is **DENIED,** without prejudice to the Bertaut Plaintiffs' right to reassert their argument during trial.

### 5. Argument Or Adverse Inference For Uncalled Witnesses, Including Plaintiffs' Treating Physicians

Fifth, the Bertaut Plaintiffs seek to exclude Defendants from requesting, or through cross-examination creating the impression of, an adverse inference if the Bertauts do not call all of the Bertaut Plaintiffs' treating physicians. (Doc. 60-1 at 6–8).

Defendants argue they are entitled to the adverse inference of the "uncalled witness rule" because, although the United States Court of Appeals for the Fifth Circuit has referred to it as an "archaism," due to longevity of the rule, the Fifth Circuit has declined to overrule the cases relying on the rule without *en banc* consideration. (Doc. 65 at 8 (citing *Herbert v. Wal-Mart Stores*, 911 F.2d 1044, at 1048–49 (5th Cir. 1990)).[1] Because the "uncalled witness rule" is still the law in the Fifth Circuit, the Bertaut Plaintiffs' request is **DENIED**.

### 6. Financial "Hurt" From Adverse Verdict

Sixth, the Bertaut Plaintiffs seek to exclude any reference to the fact that Defendants may be financially harmed by an adverse verdict as irrelevant and prejudicial. (Doc. 60-1 at 8). Defendants respond that a blanket exclusion regarding the effect of a verdict on insurance costs is premature. (Doc. 65 at 9).

Without the context of trial, the Court cannot determine how the broad category of evidence referenced by the Bertauts would come into play. Such testimony

---

[1] The Bertaut Plaintiffs argue that because the Fifth Circuit noted that "the uncalled-witness rule has no place in federal trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure," the rule cannot apply here. (Doc. 60-1 at 7–8 (quoting *Herbert*, 911 F.2d at 1047)). The Bertauts fail to acknowledge, however, that the Fifth Circuit declined to overrule cases relying on the uncalled witness rule. *Herbert*, 911 F.2d at 1048–49.

or references, if made, will be governed by the Federal Rules of Evidence in due course. Accordingly, the Bertaut Plaintiffs' request is **DENIED**.

### 7. Filing of *Motion in Limine*

Finally, the Bertaut Plaintiffs seek to prevent Defendants from informing the jury that the Bertauts have filed this motion *in limine*. (Doc. 60-1 at 8). Defendants note that while they do not anticipate introducing such evidence, a defendant is allowed to use pleadings in the record on cross-examination. (Doc. 65 at 9). Without the benefit of knowing how this information would be used in a trial, the Court cannot at the present time rule to exclude it. Therefore, the Bertaut Plaintiffs' request is **DENIED**.

### B. Defendants' Motion in Limine

Defendants seek "an order excluding all evidence regarding a future [C5-7 Anterior Cervical Discectomy and Fusion ("ACDF") surgery]" that may be performed on Plaintiff Nelson. (Doc. 1 at 1–2). Defendants argue that Nelson "cannot prove that the recommended ACDF procedure is inevitable and medically necessary." (Doc. 58 at 2). Defendants further contend that if the procedure were medically necessary, Nelson would have already undergone the surgery in the two years following the vehicle accident. (*Id.* at 2).

In opposition, Nelson argues that Defendants improperly seek to exclude her treating surgeon's testimony in the current motion because Defendants failed to more properly file a motion for summary judgment or motion to dismiss on the issue. (Doc. 61 at 1–2). Nelson also argues that Defendants failed to depose her treating

physician, and now belatedly attempt to use the lack of development of the pre-trial record to cast doubt on whether Nelson can prove her case. (*Id.* at 2).

The Court agrees with Plaintiff Nelson's assessment. Testimony from a treating physician pertains to Nelson's injuries, which relates to the strength of Nelson's case. The Court has previously cautioned that "[A] motion in limine cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for a directed verdict." *Trafficware Grp., Inc. v. Sun Indus.*, No. 15-cv-00106, 2017 WL 1050579 (M.D. La. Mar. 20, 2017) (quoting *Morgan v. Miss.*, No. 2:07-cv-00015, 2009 WL 3259233 (S.D. Miss. Oct. 8, 2009)). Consequently, Defendants' Motion is **DENIED**.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Bertaut Plaintiffs' **Motion** (Doc. 60) be and is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' **Motion** (Doc. 58) be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 17th day of March, 2025

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA